## METROPOLITAN ST. RY. CO. v. HUDSON.

### (Circuit Court of Appeals, Second Circuit. January 14, 1902.)

### No. 22.

**1. STREET RAILWAY—INJURY TO PASSENGER—INSTRUCTIONS.**

Where, in an action for injuries to a passenger on a street car, the issues are whether plaintiff was injured by the careless starting of the car after it had stopped or by her own negligence in attempting to board it before it had stopped, it is error to instruct that if the car, even if not quite at a standstill, was moving with such extreme slowness that a person might fairly undertake to board it, and while plaintiff was about boarding it the conductor suddenly started it, so that it moved forward with a jerk, defendant's negligence would be established.

**2. SAME—APPEAL—ASSIGNMENT OF ERROR.**

An assignment of error complaining of an erroneous instruction is without merit where the court, on plaintiff's exception, qualified the instruction, and plaintiff took no further exception.

**3. SAME—MEASURE OF DAMAGES—INSTRUCTIONS.**

In an action for injuries, an instruction not to award plaintiff any damages for hysteria not directly caused by the accident is properly refused, as it restricts the recovery to damages directly caused by the accident, while those indirectly resulting from it may also have been recoverable.

In Error to the Circuit Court of the United States for the Southern District of New York.

Theo. H. Lord, for plaintiff in error.

J. Aspinwall Hodge, for defendant in error.

Before WALLACE, Circuit Judge, and TOWNSEND, District Judge.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff in an action for negligence rendered upon the verdict of a jury. The only assignments of error which have been argued relate to an instruction given by the trial judge to the jury in respect to the negligence of the defendant, and his refusal to give one in respect to the question of damages requested by the defendant.

The issues upon the trial, aside from those relating to the damages, were whether the plaintiff was injured by the careless starting of the defendant's car after it had stopped to receive passengers, or whether she was injured by her own negligence in attempting to board it before it had come to a stop. The trial judge instructed the jury that "if the car, even if not quite at a standstill, was still moving with such extreme slowness that a person might fairly undertake to board it, and while plaintiff was about boarding it the conductor suddenly started it, so that it moved forward with a jerk," negligence on the part of the defendant would be established.

This instruction was apparently given under the impression of the trial judge that the plaintiff may have received her injury while attempting to board the car after it had come to a stop and before it had got under much speed. The evidence did not authorize such a theory, and, if it had, we think the instruction would not have been

113 F.—29

correct without further qualification. Unless a car has reached one of its regular stopping places, or its speed has been slowed to permit an intending passenger to board it, or some invitation, express or implied, to board it has been given by those in charge, the conductor is under no obligation to anticipate that any person will attempt to board; and if, in ignorance of such an attempt, he causes the motorman suddenly to put on speed, he does not violate any duty towards an intending passenger. Conductors of street cars are at liberty to regulate the movements of their cars as they see. fit so long as they do not violate their duties to others. If, however, while a car is proceeding slowly, the conductor is made aware that an intending passenger is attempting to board it, although it may not be his duty to stop the car, common prudence certainly forbids that he start it suddenly forward. No man is at liberty to do an act unnecessarily which he knows or ought to know is likely to imperil the person of another.

Notwithstanding the instruction was incorrect, in view of the issues which were presented by the evidence, we think the assignment of error based upon it is not well taken. The attention of the trial judge was not called to the erroneous theory of the facts suggested by the instruction, and when the plaintiff excepted to the instruction the trial judge qualified it, and the plaintiff took no further exception. Obviously, the plaintiff acquiesced in the instruction as qualified.

The other assignment of error is based upon the refusal of the trial judge to instruct the jury not to award the plaintiff "any damages for hysteria not directly caused by the accident." He did not instruct them specifically whether the hysteria was or was not an element of damages, but he defined adequately the general rule of compensation in actions for personal injury, and no exception was taken to that portion of the charge. The instruction was one of a character which the judge at a trial is at liberty to give or withhold at his discretion. It is open, however, to the criticism that it sought to restrict the recovery to damages directly caused by the accident, while those indirectly resulting from it may also have been recoverable. The author of the initial cause is responsible for the indirect damages which are its natural consequences. The suggestion that the instructions given did not confine the consideration of the jury to the damages arising solely from the accident is hypercritical. The only controversy as regarded damages was in respect to the extent of the injuries caused by the defendant's acts, and to urge that the jury might have given damages for hysteria not thus caused is an academic proposition, and does not appeal to common sense.

We conclude that the exceptions by the defendant were not well taken, and the judgment should be affirmed.